SAMUEL G. LAYCOCK, Administrator, *v.* THOS. GREEN DAVIDSON.

Parol proof is inadmissable to prove a *dation en païement*, or an exchange of slaves by an administrator. Code, 2415, 2629, 2637.

APPEAL from the District Court, Sixth District, Parish of East Baton Rouge, *Robertson*, J. *Seymour*, for plaintiff. *Lacy*, for defendant.

MERRICK, C. J. This case was before the court in 1854 on a question of jurisdiction. 9 An. 162.

The only question now presented is raised by a bill of exceptions taken by the plaintiff to the refusal of the District Judge to receive the testimony of *Laycock*, to show that a negro woman named "*Lucy* and her children were exchanged for the girl *Sylvia*, and that *Davidson* was consequently entitled to no credit upon the note sued on for the price of said *Lucy* and her children."

The note sued on was made payable to *W. H. George*, deceased, and *Laycock* sues as his administrator.

The plaintiff contends that he is entitled to offer the testimony, because the object is not to show title, but simply to prove the payment of money; to prove that the thirteen hundred and fifty dollars, which *W. H. George* had agreed by his contract in writing to credit to the note when *Davidson* should make a valid title, was discharged by the exchange of *Sylvia* for *Lucy* and her children. There are two reasons why this testimony should not be received:

1st. There could be no *dation en paiement* or exchange recognized as between these parties, the administrator of *George* and the defendant, except by the production of an agreement in writing. C. C 2415, 2629, 2637.

2d. The parol proof offered tended to contradict the written agreement of the intestate, the slaves having been in his possession and sold as his property, and now being in the possession of the plaintiff by purchase at the probate sale.

As no complaint is made of the judgment of the lower court in any other particular, we discover no reason why the same should not be affirmed.

Judgment affirmed, the plaintiff and appellant to pay the costs of appeal.